IN THE UNITED STATES DISTRICT COURT
DISTRICT IF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| William D. Inman, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| | ) | |
| Tri-County Electric Cooperative, | ) | |
| Ricky Hanes, and Robert G. Wannamaker | ) | |
| in their individual and official capacities. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, complaining of the Defendant herein, alleges that:

## PARTIES AND JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 2000e *et. sec.,* Title VII of the 1964 Civil Rights Act and the amendments thereto as well as South Carolina common law.

2. The subject matter jurisdiction if conferred upon this Court by 28 U.S.C. §1331 which gives the District Court jurisdiction over any legal action authorized by law to be commenced by any person to recover damages under any Act of Congress for the protection of civil rights.

3. Venue lies within Orangeburg Division pursuant to 28 U.S.C. §1391 because the events giving rise to this claim occurred in Calhoun County, within the Orangeburg Division.

4. Plaintiff filed his charge of discrimination for gender discrimination and retaliation with the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission, received his Right to Sue. Plaintiff has exhausted his administrative remedies and this action is timely filed

1

5. Plaintiff demands a trial by jury on all claims brought herein.

6. William D. Inman, (Plaintiff) is a citizen of the State of South Carolina, and resides in the town of Swansea, South Carolina. Defendant Ricky Hanes (Hanes) is a citizen and resident of Calhoun County. Defendant Robert G. Wannamaker (Wannamaker) is the interim CEO of Tri-County Electric Cooperative and the Defendant Tri-County Electric Cooperative (TCEC) is a cooperative which is organized and existing in accordance with the laws of South Carolina and does business in Calhoun County, the county where most of all of the acts and omissions alleged herein occurred.

7. At all relevant times herein the Plaintiff was an employee of Tri-County Electric Cooperative (TCEC).

## FACTUAL ALLEGATIONS

8. On November 1, 2011, Plaintiff began working as a groundworker for Defendant. At all relevant times herein, Plaintiff's performance met or exceeded the reasonable expectations of his employer until he was wrongfully terminated on May 30, 2013.

9. Plaintiff's jobs duties as a groundworker consisted of in-line distributions and the construction of electrical utility lines.

10. Plaintiff's former supervisor and line foreman was Rusty Blair (Blair).

11. On November 9, 2012, Plaintiff was promoted from a groundworker I to a groundworker II.

12. In or around January 2013, Wannamaker became the Interim CEO of TCEC.

13. On May 29, 2013, Hanes falsely published to third persons that Plaintiff revved the engine of vehicle #165 in a willful attempt to damage and destroy the vehicle.

14. Plaintiff did not rev the company vehicle with the intent to harm the vehicle. Plaintiff maintained the vehicle with care. At the time of the alleged event, Hanes was in another

company vehicle with the engine running an estimated hundred yards away from vehicle #165.

15. Several witnesses were present at the time of the alleged event including: Defendant Bair, company mechanic, Jonathan Binnaker (Binnaker), and Jeff Helms (Helms). Binnaker specifically informed Plaintiff that he told Wannamaker and Hanes that Plaintiff did not do anything to harm the company vehicle. Upon information and belief, Wannamaker was made aware by numerous witnesses that Hanes's claims were false.

16. Prior to the false allegations about revving the engine, Plaintiff's employment record was without incident. He had never been written up or reprimanded.

17. On May 30, 2013, Plaintiff was wrongfully terminated for the false allegations about revving the vehicle. Furthermore, according to Plaintiff, Binnaker, had said "there was no damage to the vehicle."

18. A sufficient investigation into the alleged infraction was not conducted.

19. Plaintiff's termination was not consistent with disciplinary actions taken against other employees and was not unbiased. Hanes and Wannamaker were singling Plaintiff out from other employees with far worse infractions and employee discipline records.

20. Defendant can provide no proof Plaintiff revved vehicle #165 with the intent to damage the vehicle.

21. Plaintiff's termination far exceeded the punishment for said false allegations.

22. Anderson, recommended against terminating Plaintiff's employment and recommended that a verbal warning or a day without pay would be a more appropriate punishment for the alleged infraction.

23. TCEC has not dealt with employees with infractions equally, without discrimination.

24. Upon information and belief, two female employees with infractions, Lori Griffin (Griffin) and Shirley [Shirley] received much less severe punishment.

25. Griffin was caught spinning tires in Defendant's parking lot, but was given only one day's suspension.  Shirley has a history of disciplinary action; it was discovered that Shirley lost $25,000.00 worth of files.  Defendant discovered her inappropriately discounting customer's bills.  Further, she was caught calling a customer the "N word," but was not terminated.

26. Defendant treated female employees more favorably than male employees. Plaintiff's termination was based on his gender.

### For a First Cause of Action
(Violation of Title VII-Gender Discrimination)

27. Plaintiff incorporates the allegations in paragraphs 4-26 as set forth verbatim.

28. The actions taken by Defendant TCEC, as described herein, violate the Plaintiff's rights under Title VII of the 1964 Civil Rights Act and amendments thereto.

29. Defendant TCEC unlawfully targeted the Plaintiff because he is male. The Defendant TCEC did not terminate the employment of female employees with similar or worse employment infractions. Female employees received much less severe forms of discipline.

30.  The actions taken against the Plaintiff by Defendant TCEC, were disproportionate and unfair when compared to actions taken against similarly situated female employees.  Plaintiff was treated disparately and ultimately terminated; the Plaintiff's gender was the reason for Plaintiff's termination.  Defendant's actions violate Title VII, the Civil Rights Act of 1964.

31. As a direct and proximate result, of Defendant's actions, Plaintiff has and will lose money in the nature of wages and benefits, has and will experience pain and suffering, mental anguish, emotional distress and other compensatory damages.

4

32. As a further result of Defendant's action against Plaintiff in violation of the ADA, Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
(Defamation)

33. Plaintiff incorporates the allegations in paragraphs 4-32 as set forth verbatim.

34. On May 29, 2013, Defendant Hanes falsely published to third persons that Plaintiff revved the engine of vehicle #165 in a willful attempt to damage and destroy the vehicle, a serious criminal act.

35. Defendant Wannamaker was made aware by numerous witnesses that Hanes claims were false, but republished them to numerous third persons falsely portraying the Plaintiff as someone who engaged in criminal activity.

36. In accordance with Tyler v. Mack Stores, the timing of Plaintiff's termination, occurring during the investigation about Plaintiff and vehicle #165, represents a false expression published to third persons that the Plaintiff was terminated because he wrongfully and willfully attempted to damage and destroy company property, a serious criminal act.

37. Defendants published, with actual or presumed malice, the false defamatory expressions alleged above, which concerned the Plaintiff and which were false. Said expression caused the Plaintiff, special, actual and presumed damages.

38. Defendants were negligent, grossly negligent, reckless, malicious, willful and wanton in publishing the false and defamatory expression about the Plaintiff to third persons.

39. Defendants Hanes and Wannamaker acted with reckless disregard of the Plaintiff's rights.

40. Defendants knew and/or should have known that Plaintiff did not attempt to damage/destroy truck # 165, yet they uttered said expressions anyway.

41. The defamatory expressions stated that Plaintiff had attempted to damage and destroy the property of his employer indicated that Plaintiff was unfit in his chosen trade and occupation and had committed a criminal offense; damages are thus presumed (slander per se).

42. That as a direct result and consequence of the defamation/slander per se of Plaintiff, he has and will experience special damages, pain and suffering, mental anguish, emotional distress, damage to his reputation, damage to his ability to earn money in the nature of wages and benefits, and other incidental and consequential damages.

43. Because of the willful and malicious conduct of Defendants acting with reckless disregard to the rights of the Plaintiff, Plaintiff is entitled to punitive as well as actual damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants, for back pay, front pay, compensatory damages, damages related to reputational harm, punitive damages, attorney's fees and costs.

CALLISION TIGHE & ROBINSON, LLC


s/ Janet E. Rhodes
Janet E. Rhodes, Esquire (FED Bar # 10521)
Post Office Box 1390
Columbia, South Carolina 29202
Telephone: 803-404-6900
Facsimile: 803-404-6902
Email: JanetRhodes@Callisontighe.com
***Attorney for the Plaintiff***

August 26, 2015
Columbia, South Carolina